IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

    Plaintiff,

  v.

DEPUTY FRAYNE, et al.,

    Defendants.
_____/

No. C 09-04693 SBA (PR)

**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT ERICCSON**

    Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983. The Court issued an Order of Service and mailed a Notice of Lawsuit, a Request for Waiver of Service of Summons as well as the complaint to each Defendant.

    Plaintiff was notified in a May 10, 2010 Order that service could not be completed on Defendant Dr. Ericcson:

> Documents addressed to Defendant Ericcson were returned because Eric Messick, the San Quentin State Prison (SQSP) Litigation Coordinator, "was unable to accept delivery" of these documents. (Apr. 30, 2010 Letter from SQSP Litigation Coordinator Eric Messick.) Mr. Messick has informed the Court that SQSP "does not have a Dr. Ericcson employed or contracted now, or at the time of the event date referenced in the complaint." (Id.) Mr. Messick also states that he "was able to learn that a nurse practitioner named Patricia Erickson was working under contract at that time." (Id.) However, "no forwarding address was on file." (Id.) Mr. Messick "was able to locate a Patricia Erickson online via state licensing for registered nurses website, but no contact information was available, only the county she's licensed in (Marin) and her license number," which is 9893, according to the Board of Registered Nurses website. (Id.)

(May 10, 2010 Order at 1.)

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

    Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a

problem accomplishing service, a <u>pro se</u> litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

In the May 10, 2010 Order, the Court directed Plaintiff to provide the Court -- within thirty days of that Order -- with a current address for Defendant Ericcson or to confirm whether the "Dr. Ericcson" he refers to in his complaint is actually Nurse Practitioner Patricia Erickson. Thirty days have passed, and Plaintiff has failed to do so.

Accordingly, all claims against Defendant Ericcson are DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

DATED: 6/29/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Burnett4693.dismERICCSON-4(m).wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

        Plaintiff,

  v.

FRAYNE et al,

        Defendant.

Case Number: CV09-04693 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett F-26842
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: June 30, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Burnett4693.dismERICCSON-4(m).wpd