<div style="float:left">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'MARR L. BURNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUTY FRAYNE, et al.,<br><br>    Defendants.           / | No. C 09-04693 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS** |

  Before the Court are Plaintiff's motion for appointment of counsel and his request for an extension of time to file his opposition to Defendants' motion to dismiss (docket nos. 26 and 27).

  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under

§ 1915. See id. The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist. The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex. Accordingly, Plaintiff's request for appointment of counsel (docket no. 26) is DENIED.

As mentioned above, also before the Court is Plaintiff's motion for extension of time to file his opposition to Defendants' motion to dismiss (docket no. 27). The Court GRANTS Plaintiff an extension of time in which to file his opposition. The time in which Plaintiff may file his opposition will be extended up to and including **September 30, 2010.** If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket nos. 26 and 27.

IT IS SO ORDERED.

DATED: 8/25/10

*[signature]*
SAUNDRA B. ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Burnett4693.Atty-EOT.frm                2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
CALIFORNIA

OMARR L. BURNETT,

        Plaintiff,

  v.

FRAYNE et al,

        Defendant.
   _____/

Case Number: CV09-04693 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett F-26842
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: August 25, 2010

                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk