IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMARR L. BURNETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY FRAYNE, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 09-04693 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION; GRANTING IN PART AND DENYING IN PART HIS FOURTH REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND ALLOWING VIEWING OF VIDEO TAPE** |

　　　　On May 4, 2011, Defendants filed their motion for summary judgment. Plaintiff's opposition to Defendants' motion for summary judgment was due on September 30, 2011; therefore, it is currently overdue.

　　　　On September 20, 2011 and October 7, 2011, Plaintiff filed requests for an enlargement of time to file his opposition (docket nos. 57, 58), citing to Federal Rule of Civil Procedure 56(d).[1] Rule 56(d) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). If a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. See Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how

---

[1] Effective December 1, 2010, Federal Rule of Civil Procedure 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. See Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). The Ninth Circuit has held that when a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington N. & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003). Denial of an application under Rule 56(f) is especially inappropriate "where the material sought is also the subject of outstanding discovery requests." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). Rule 56(f) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

it would preclude summary judgment." Id. at 853.  Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs.  Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004); Klingele, 849 F.2d at 412.  Summary judgment in the face of requests for additional discovery in such cases is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim.  Jones, 393 F.3d at 930; Klingele, 849 F.2d at 412.

> Here, Plaintiff states in his Rule 56(d) motion that he has
>
> personal knowledge as well as documented evidence that [he has] submitted in [his] claim of this case to "not" grant "summary judgment" to the defendant . . . [b]ut to effective oppose the defendants['] motion for summary judgment the plaintiff would need to present essential facts not submitted in the plaintiff[']s complaint that can only be obtained through "discoveries" and further "investigation" that under the current conditions is a crippling effect.

(Sept. 20, 2011 Rule 56(d) Mot. at 1.)  As the Ninth Circuit stated in Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." Id.  Plaintiff has not met this burden.  First, Plaintiff simply states that he "cannot obtain affidavits of facts or hire a 'process server' or investigator to subpoena witnesses that [he is] unable to locate and contact while [he is] incarcerated."  (Sept. 20, 2011 Rule 56(d) Mot. at 2.)  However, he does not elaborate about what "facts" he needs to obtain or which "witnesses" he needs to locate.  Further, in his October 7, 2011 Rule 56(d) motion, Plaintiff states that he "has been diligently seeking documents/evidence from the defendants . . . ."  (Oct. 7, 2011 Rule 56(d) Mot. at 2.)  Again, he does not specify what discovery he has requested from Defendants or whether his requests have been answered.  In sum, the discovery ostensibly sought by Plaintiff is unsupported by any explanation of what specific, material facts these discovery will likely disclose.  Plaintiff does not explain in his Rule 56(d) motion what specific facts he hopes to discover that will raise an issue of material fact.  Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts precluding summary judgment."  See Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th Cir. 2006).  Thus, Plaintiff has not met his burden under Rule 56(d).

Because Plaintiff has not shown that relevant facts remain to be discovered, the denial of a continuance is appropriate under the standards contained in Rule 56(d) and is not a violation of

2

Plaintiff's due process rights. Therefore, the Court DENIES Plaintiff's request for a continuance for discovery pursuant to Rule 56(d) (docket nos. 57, 58).

Nevertheless, the Court finds that an extension of time for Plaintiff to file his opposition to Defendants' motion for summary judgment is appropriate based on his allegation that he is "unable to access the prison[']s 'law library' to study and research case logs, due to a series of [']lock downs' and lack of staff because of budget issues . . . ." (Sept. 20, 2011 Rule 56(d) Mot. at 1.) Plaintiff also claims that he needs to be granted:

> [A] reasonable amount of time to gather evidence[,] interview witnesses or hire an investigator and be able to receive and review the video tape evidence of this matter, when the plaintiff is released [on] February 12th 2012 less than 120 day[]s away, when the plaintiff will be free of all the institutional restraints.

(Oct. 7, 2011 Rule 56(d) at 2.)

Before turning specifically to Plaintiff's request for an extension of time, the Court first addresses Plaintiff's alleged lack of access to the "video tape evidence" mentioned above. The complaint involves a claim of excessive force. Plaintiff indicates Defendants possess a video tape of the events surrounding the alleged use of excessive force during the incident on September 29, 2005. (Id.) Though not entirely clear, Plaintiff appears to argue that either he may have requested this video tape items from Defendants but that they have refused to provide it. Within **fifteen (15) days** from the date of this Order, Defendants shall submit a copy of the video tape to the Court as well as provide Plaintiff with an opportunity to view this video tape. Plaintiff shall cooperate fully with Defendants so that he may view the video tape. Any failure to cooperate will be relieve Defendants of their obligation to allow Plaintiff to view the video tape. No later than **five (5) days** after Plaintiff has had the opportunity to view the video tape, Defendants shall submit a confirming declaration to the Court indicating that Plaintiff has been allowed such an opportunity.

The Court notes that Plaintiff has already received previous extensions of time to file his opposition to the motion for summary judgment. The original deadline for his opposition was July 5, 2011, but it was extended to August 15, 2011 when the Court granted Plaintiff's second request

3

1  for an extension.[2] On August 25, 2011, Plaintiff's third request for an extension was also granted,
2  and he was given until September 30, 2011 to file an opposition. Therefore, Plaintiff has already
3  received eighty-seven (87) additional days to file his opposition. Nevertheless, the Court finds that
4  another extension of time is appropriate; however, an extension for the length of time Plaintiff's
5  requests -- which is after the date of his release on February 12, 2012 -- will not be granted.
6  Accordingly, Plaintiff's fourth request for an extension of time to file his opposition to Defendants'
7  motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff must file his
8  opposition no later than **December 30, 2011**. Defendants reply to the opposition must be filed no
9  later than **January 30, 2012**. **No further extensions of time will be granted in this case absent**
10 **exigent circumstances.**
11     This Order terminates Docket nos. 57 and 58.
12     IT IS SO ORDERED.
13 DATED: 11/17/11
14                                                         SAUNDRA BROWN ARMSTRONG
                                                           United States District Judge

---

[2] The Court notes that Plaintiff's first request indicated that the deadline to file his opposition was on "June 7, 2011"; therefore, he had requested an extension up to and including "July 4, 2011." (June 5, 2011 Req. for EOT at 1.) The Court granted his request in an Order dated June 13, 2011. However, the Court notes that Plaintiff's opposition was actually due on July 5, 2011, sixty days after the motion for summary judgment was filed. Therefore, Plaintiff's first extension request was not necessary.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMARR L. BURNETT, | Case Number: CV09-04693 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| FRAYNE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett F-26842
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: November 18, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Burnett4693.deny56(d)&grant4thEOT-Oppn.wpd        5