IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMARR L. BURNETT, | ) No. C 09-4693 SBA (PR) |
| Plaintiff, | ) **ORDER** |
| v. | ) (Docket no. 75) |
| DEPUTY FRAYNE et al., | ) |
| Defendants. | ) |

Before the Court is the remaining Defendants' "Request for Clarification of Court's April 9, 2012, Order re Summary Judgment" (docket no. 75). Defendants are referring to the Court's Order, which <u>inter alia</u>, denied their motion for summary judgment and referred this case to the Pro Se Prisoner Settlement Program. That Order was electronically served on Defendants on April 9, 2012; however, it is actually dated March 30, 2012. In its March 30, 2012 Order, the Court also ordered service on Defendant San Mateo County Jail (SMCJ) Deputy Suzanne Blick because Plaintiff claims that Defendant Blick was erroneously listed as Defendant SMCJ Deputy Chad R. Buck in the original complaint. The Court stated as follows:

> In his complaint, Plaintiff alleges that Defendant Buck participated in the excessive force used against him. (Compl. at [3-4].) Defendant Buck counters that he was not present or involved in the September 29, 2005 incident. (Buck Decl. ¶¶ 3-5.) Meanwhile, Deputy Blick admits to being present during that incident. (Blick Decl. ¶ 12.) Plaintiff acknowledges that he confused the two names. (Feb. 9, 2011 Opp'n at 4.)

(Mar. 30, 2012 Order at 5.) In its initial Order of Service dated April 23, 2010, the Court found a cognizable excessive force claim against Defendant Buck and served him with the complaint. Defendant Buck filed an answer and, thereafter, filed a motion for summary judgment, which the Court granted in its March 30, 2012 Order as follows:

> Defendants have presented evidence that Defendant Buck was not present at the incident, and Plaintiff has failed to present any evidence to the contrary. In fact, Plaintiff claims that he had intended to name Deputy Blick, who admits to being present, and requests to amend his complaint to add Deputy Blick as a Defendant in this action. Therefore, Defendant Buck is entitled to summary judgment on the excessive force claim as a matter of law.

(Mar. 30, 2012 Order at 5 (citation omitted).) The Court then granted Plaintiff's motion for leave to

amend the complaint to add Deputy Blick as a Defendant in this action. (Id.) The Court also found a cognizable excessive force claim against Defendant Blick, ordered service of the original complaint on this Defendant, and set a briefing schedule for a dispositive motion. (Id.)

In their present request for clarification, Defendants ask the Court to clarify its March 30, 2012 Order "so as to include a deadline for Plaintiff to file an amended complaint." (Defs.' Req. for Clarification at 1.) The Court finds that no such deadline is necessary. Plaintiff explains in his original complaint how Defendant Blick participated in the alleged acts of excessive force, albeit he used the wrong name (Buck) and referred to the wrong gender (his), stating, "I was then hog-tied (both hands and feet cuffed together) and dragged about twenty-five to thirty feet into Unit 3-East, where Deputies Buck and Bow joined-in on assaulting me. Deputy Buck held my head down and placed his knee and hands on my head." (Compl. at 3-4.) Meanwhile, in her declaration, Defendant Blick concedes to being present at the same incident. She states that she initially "attempted to help Deputy Frayne handcuff Plaintiff Burnett," who "violently resisted." (Blick Decl. ¶ 8.) Then, she states:

> Although handcuffed and on his stomach, Plaintiff Burnett continued to violently resist by kicking his feet in an attempt to inflict injury to staff who were trying to restrain him for his safety and their safety. Officer David Fletcher came to assist us and pinned Plaintiff Burnett's feet crossways and bent his knees towards his buttocks to restrain his legs.

(Id. ¶ 9.) As seen above, both sides agree that Defendant Blick and not Defendant Buck was the individual present during this incident, and Plaintiff's original complaint is sufficient because -- now that the parties acknowledge this error -- substituting Defendant Blick's name for Defendant Buck's reveals the specifics of Plaintiff's allegations on Defendant Blick's involvement in the excessive force incident. Accordingly, the Court DENIES the remaining Defendants' request for the Court to clarify its March 30, 2012 Order to include a deadline for Plaintiff to file an amended complaint.

In addition, the remaining Defendants also note that Plaintiff "is no longer a prisoner but is rater [sic] simply a pro se litigant," and thus they request clarification as to whether the Court's referral to the Pro Se Prisoner Settlement Program "is still available in this case." (Defs.' Req. for Clarification at 1.) At the time the March 30, 2012 Order was issued, Plaintiff's last-known address was listed as Salinas Valley State Prison. On April 2, 2012, Plaintiff informed the Court that his

new address is: 9949 Lawlor Street in Oakland, California. Because Plaintiff was still a listed as prisoner when it was referred to Magistrate Judge Nandor Vadas for a settlement conference, the Pro Se Prisoner Settlement Program is still available in this case. The Court directs the parties to participate in the settlement conference before Magistrate Judge Vadas, who shall coordinate a time and date for the conference with all interested parties, including the non-prisoner Plaintiff.

The parties are directed to abide by the briefing schedule set forth in the Court's March 30, 2012 Order. (Mar. 30, 2012 Order at 15.)

This Order terminates Docket no. 75.

IT IS SO ORDERED.

DATED: 5/4/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

        Plaintiff,

v.

FRAYNE et al,

        Defendant.

Case Number: CV09-04693 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett
9949 Lawlor Street
Oakland, CA 94605

Dated: May 7, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk