UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMARR L. BURNETT,<br><br>  Plaintiff,<br><br> vs.<br><br>DEPUTY FRAYNE, et al.,<br><br>  Defendants. | Case No: C 09-4693 SBA (pr)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Pro se plaintiff Omarr L. Burnett brings the instant action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was housed at San Mateo County Jail (SMCJ) and San Quentin State Prison (SQSP).[1] The parties are presently before the Court on Plaintiff's Motion for Order Allowing Amendment. Dkt. 95. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

The parties are familiar with the facts of this case which are summarized herein only to the extent they are relevant to the instant motion. On September 29, 2005, Plaintiff was being rehoused to Unit 3 East at SMCJ. During the course of the transfer, Deputies Timothy R. Frayne and Chad R. Buck, former SMCJ Deputy Ryan Adler, and SMCJ Correctional Officer Catherine Bow allegedly beat Plaintiff without justification, causing

---

[1] Plaintiff was in custody when he filed the action; however, he no longer is in custody.

him to suffer injuries. Thereafter, Plaintiff was transferred to SQSP. While at SQSP, Plaintiff allegedly continued to suffer from the injuries resulting from the September 29 incident. He accuses SQSP Physician Ericsson of being deliberately indifferent to his serious medical needs.

On April 26, 2010, the Court issued an Order finding that Plaintiff had stated cognizable Eighth Amendment claims for the use of excessive force against Defendants Frayne, Adler, Buck, and Bow; and for deliberate indifference to serious medical needs against Defendant Ericsson. Dkt. 3. The Court subsequently dismissed the action without prejudice as to Defendant Ericsson under Federal Rule of Civil Procedure 4(m). Dkt. 21. Defendants Frayne, Adler, Buck, and Bow filed an answer to the complaint on January 31, 2011. Dkt. 39.

In accordance with the Court's scheduling order, the remaining Defendants filed a motion for summary judgment on May 4, 2011. Dkt. 43. Plaintiff requested and obtained several extensions of time to file an opposition to the motion. Dkt. 49, 52, 56. Plaintiff eventually filed his opposition on November 14, 2011, Dkt. 59, and later filed a motion for leave to amend on February 7, 2012, Dkt. 68. On March 30, 2012, the Court granted Defendants' summary judgment motion as to Defendant Buck only, and denied the motion as to Defendants Frayne, Adler and Bow. Dkt. 72. In addition, the Court granted Plaintiff's motion for leave to amend to join SMCJ Deputy Suzanne Blick as a Defendant. Id. The Court referred the matter for a settlement conference pursuant to the Court's Prisoner Settlement Program, but the case did not settle. Dkt. 89.

On November 30, 2012, Plaintiff filed the instant motion to amend the Complaint. Dkt. 95. First, Plaintiff seeks to add claims that Defendant Frayne beat him in retaliation for expressing his concern that he had enemies in Unit 3 East. Plaintiff also seeks to sue the "San Mateo County Medical Department" for improper medical treatment.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

Plaintiff's second motion to amend his pleadings is not well taken. Plaintiff now claims that at the time of his rehousing on September 29, 2005, he informed Defendant Frayne that he had "enemies" in Unit 3 East and for that reason he did not want to be housed there. Plaintiff alleges that Defendant Frayne responded that he did not care, and then proceeded to beat Plaintiff. Such allegations, however, do not present a new claim for relief. Plaintiff does not allege that he suffered any harm as a result of his placement in Unit 3 East. Rather, Plaintiff's allegations merely supply Defendant Frayne's alleged motivation for the attack by Deputy Frayne. Because Plaintiff new allegations do not provide the basis for any legal claim for relief, the Court finds Plaintiff's proposed claim against Frayne is futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) (futility alone can justify the denial of leave to amend).

Plaintiff's proposed claim against the San Mateo Medical Department fares no better. Though not entirely clear, Plaintiff appears to allege that unspecified medical staff at the SMCJ failed to provide adequate medical attention at the time of the incident and therefore acted with deliberate indifference to his serious medical needs. However, Plaintiff clearly knew of such alleged mistreatment when it occurred, and as such, his attempt to allege such claim seven years after the fact amounts to undue delay. The claim also is time-barred. See Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for

personal injury claims); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991-92 (9th Cir.1999) (in § 1983 actions, federal courts borrow from the forum state the statute of limitations applicable to personal injury claims and tolling rules, but federal law determines when a claim accrued; under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Timing issues aside, Plaintiff has failed to present a "plausible" claim for relief, given his failure to identify any of the staff members involved, the specific conduct at issue or any facts demonstrating that any of the medical staff at SMCJ acted with deliberate indifference. See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (holding that a pleading must allege "enough facts to state a claim to relief that is plausible on its face.").

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to amend is DENIED.

2. This Order terminates Docket 95.

IT IS SO ORDERED.

Dated: January 30, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 4 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

        Plaintiff,

  v.

FRAYNE et al,

        Defendant.
                                      /

                                                  Case Number: CV09-04693 SBA

                                                **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett
9949 Lawlor Street
Oakland, CA 94605

Dated: February 1, 2013
                                          Richard W. Wieking, Clerk
                                               By: Lisa Clark, Deputy Clerk

1
2
3
4
5  N:\Keith\Odd Cases\09-4693 - Burnett - Order denying motion to amend complaint.docx
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28