UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

OMARR L. BURNETT,

          Plaintiff,

      vs.

DEPUTY FRAYNE, et al.,

          Defendants.

Case No:  C 09-4693 SBA (pr)

**ORDER DENYING PLAINTIFF'S
REQUEST FOR APPOINTMENT
OF COUNSEL**

        Pro se plaintiff Omarr L. Burnett brings the instant action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was housed at San Mateo County Jail (SMCJ) and San Quentin State Prison (SQSP).  Plaintiff has since been released from custody.

        Plaintiff requests that the Court appointment counsel to represent him in this action. Dkt. 92 at 2-3.  "[I]t is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to afford counsel."  The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id.

        Plaintiff contends that the appointment of counsel is warranted on the grounds that the legal issues involved in this case are beyond the scope of his expertise.  However, the

1  same can be said in virtually every case brought by a pro se, non-attorney litigant.  That

2  aside, the Court has reviewed Plaintiff's various submissions in this action and finds that

3  Plaintiff is capable of clearly articulating the substance of his claims, relative to the

4  complexity involved.  As to Plaintiff's likelihood of success, the Court has not been

5  presented with sufficient information to make such an assessment.  Finally, the Court notes

6  that there is no indication that Plaintiff has made any effort to retain counsel on his own.

7  See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) ("§ 1915(d) … requires that

8  indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to

9  the court's appointing counsel for them").[1]   In sum, the Court is not persuaded that

10  exceptional circumstances exist to justify the appointment of counsel in this action.

11  Accordingly,

12       IT IS HEREBY ORDERED THAT Plaintiff's request for appointment of counsel is

13  DENIED.

14       IT IS SO ORDERED.

15  Dated:  March 5, 2013

16  SAUNDRA BROWN ARMSTRONG
United States District Judge

[1] As noted, the Court may appoint an attorney to represent a person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  At the time Plaintiff filed this action, he was incarcerated, and obviously unable to maintain employment.  However, Plaintiff has been out of custody at least since April 2, 2012.  Plaintiff has made no showing that he *presently* is unable to afford counsel.

- 2 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

        Plaintiff,

  v.

FRAYNE et al,

        Defendant.

_____/

                             Case Number: CV09-04693 SBA

                         **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett
9949 Lawlor Street
Oakland, CA 94605

Dated: March 5, 2013

                           Richard W. Wieking, Clerk
                             By: Lisa Clark, Deputy Clerk

N:\K….\Odd….\09-4693 - Burnett - Order Denying Appointment of Counsel.docx