UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMARR L. BURNETT,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEPUTY FRAYNE, et al.,<br><br>        Defendants. | Case No: C 09-4693 SBA<br><br>**ORDER DISMISSING ACTION** |

   This is a pro se civil rights action brought by Plaintiff Omarr Burnett, pursuant to 42 U.S.C. § 1983.  On May 3, 2013, the Court issued an Order to Show Cause Re Dismissal ("OSC") based on his failure to appear for two Case Management Conferences scheduled for April 25, 2013 and May 2, 2013.  Dkt. 108.  The OSC directed Plaintiff to explain why the instant action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  The Court warned Plaintiff that the failure to respond to the OSC by May 17, 2013 would be deemed grounds to dismiss the action.  To date, the Court has received no response to the OSC or other communication from Plaintiff.

   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution

**1** of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
**2** defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public
**3** policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639,
**4** 642 (9th Cir. 2002).
**5**   In the instant case, the Court finds that the above-referenced factors weigh in favor
**6** of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious
**7** resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983,
**8** 990 (9th Cir. 1999).  This is particularly true here, where Plaintiff has repeatedly failed to
**9** appear at the previously-scheduled Case Management Conferences, which, in turn, has
**10** interfered with the Court's ability to enter a pretrial schedule and set a trial date.
**11**   The second factor, the Court's need to manage its docket, also militates in favor of
**12** dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its
**13** docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d
**14** 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also
**15** Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that
**16** [the court] could have devoted to other major and serious criminal and civil cases on its
**17** docket.").
**18**   The third factor, the risk of prejudice to the defendants, generally requires that "a
**19** defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial
**20** or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at
**21** 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
**22** reason for defaulting." Id.  Here, Plaintiff has offered no explanation for his failure to
**23** respond nor is any apparent from the record.  These facts also weigh strongly in favor of
**24** dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.
**25**   As to the fourth factor, the Court has already considered less drastic alternatives to
**26** dismissal.  When Plaintiff failed to appear for the April 25, 2013 Case Management
**27** Conference, the Court did not dismiss the action; instead, the Court continued the matter to
**28** May 2, 2013.  In addition, the Court directed Defendants to contact Plaintiff by telephone

and mail to ensure that he was aware of the rescheduled date. Despite the Court and Defendants' notice to Plaintiff of the new conference date, Plaintiff failed to appear. Finally, the Court gave Plaintiff another opportunity to proffer an excuse for his failures to appear by responding to the OSC. In the OSC, the Court warned Plaintiff that the failure to respond to the OSC would be deemed sufficient grounds for dismissing the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting dismissing the action. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice for failure to prosecute, pursuant to Rule 41(b).

IT IS SO ORDERED.

Dated: May 21, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OMARR L. BURNETT,

      Plaintiff,

 v.

FRAYNE et al,

      Defendant.
_____/

Case Number: CV09-04693 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

O'Marr L. Burnett
9949 Lawlor Street
Oakland, CA 94605

Dated: May 23, 2013

                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk

Document1