UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMARR L. BURNETT,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPUTY FRAYNE, et al.,<br><br>    Defendants. | Case No: C 09-4693 SBA (pr)<br><br>**ORDER REOPENING CASE** |

    Plaintiff Omarr L. Burnett filed the instant pro se action pursuant to 42 U.S.C. § 1983 while incarcerated in Salinas Valley State Prison. The Court granted Plaintiff's application to proceed in forma pauperis ("IFP") status. During the course of the litigation, Plaintiff was released from custody and continued to pursue the action pro se.[1]

    While out of custody, Plaintiff failed to appear for two telephonic Case Management Conferences scheduled on April 25, 2013 and May 2, 2013. As a result, the Court issued an Order to Show Cause re Dismissal ("OSC") for failure to comply with a court scheduling order. The OSC directed the parties to file a Certificate of Counsel explaining why the instant action should or should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Dkt. 108. The Court warned Plaintiff that the failure to respond to the OSC by May 16, 2013 would be deemed grounds to dismiss the action. Having received no response to the OSC, the Court, after weighing the requisite factors under Rule 41(b), dismissed the action on May 23, 2013. Dkt. 110.

    On May 23, 2013, albeit after the Court issued its order dismissing the action, Plaintiff filed a response to the OSC in which he requests that the Court decline to dismiss

---

[1] In his letter of September 5, 2013, however, Plaintiff states that he now is in custody at the San Mateo County Jail. Dkt. 115.

his case and to reschedule another case management conference. Dkt. 111. Because Plaintiff's response to the OSC seeks to avoid dismissal of the action and since it was filed after the dismissal order was filed, the Court liberally construes his memorandum as a motion for reconsideration under Rule 60(b). See Harvest v. Castro, 531 F.3d 737, 745-46 (9th Cir. 2008) ("Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief."); Borallo v. Reyes, 763 F.2d 1098, 1101 ("Since 'nomenclature is not controlling,' a court must construe whether a motion, however styled, is appropriate for the relief requested.") (citation omitted); .e.g., Marsh v. Brown, No. No. 1:10-cv-02353-LJO-GSA-PC, 2013 WL 4517871, at *1 (E.D. Cal. Aug. 26, 2013) (liberally construing plaintiff's request for an extension of time to file objections to the magistrate's report and recommendation to dismiss the action which had already been accepted by the district court as a motion for reconsideration of the order dismissing the action).[2]

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Plaintiff claims that he did not appear at the case management conferences due to having been misinformed of the dates of those hearings by defense counsel. In addition, Plaintiff avers that due to his indigent status, he was unable to "keep his phone operational" and was living in different "transitional housing." Id. Finally, Plaintiff asserts that he checked his email daily but that he received no communication from Defendants regarding the scheduled court dates. Id. From these facts, and mindful of its obligation to liberally construe pro se pleadings, the Court finds that Plaintiff has shown excusable neglect to justify vacating the dismissal. See

---

[2] Because Plaintiff filed his motion before filing a notice of appeal on June 21, 2013, the Court has jurisdiction to consider Plaintiff's motion for reconsideration. Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1063 (9th Cir. 2002).

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's motion for reconsideration is GRANTED. The Clerk shall reopen the action. By no later than October 18, 2013, the parties shall meet and confer and file a Joint Case Management Conference Statement that complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Defendants shall take responsibility for filing the Joint Case Management Statement. Upon review of the Joint Case Management Statement, the Court will issue an order regarding the further handling of this action.

IT IS SO ORDERED.

Dated: September 23, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge