UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMARR L. BURNETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEPUTY FRAYNE, et al.,<br><br>　　　　Defendants. | Case No: C 09-4693 SBA (pr)<br><br>**ORDER RE PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |

Plaintiff has appealed the dismissal of this action under Federal Rule of Civil Procedure 41(b). The dismissal was predicated upon Plaintiff's failure to comply with the Court's scheduling orders and failure to timely respond to the Court's Order to Show Cause re Dismissal (OSC). Dkt. 112. The Ninth Circuit Court of Appeals has referred the matter to this Court for a determination whether Plaintiff's in forma pauperis (IFP) status should be permitted for purposes of appeal. Dkt. 114. The Court finds that it should not.

A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

Here, the Court dismissed the action based on Plaintiff's admitted failure to comply with the Court's scheduling orders and failure to respond to the OSC. Dkt. 110. Prior to dismissing the action, the Court explicitly warned Plaintiff that the failure to timely respond to the OSC would result in the dismissal of the action. In assessing whether to dismiss the

action, the Court weighed the requisite factors under Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)—and ultimately concluded that dismissal was warranted based on the record presented at that time.  Plaintiff has not shown that the Court's exercise of its discretion was legally or factually erroneous.  Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith, and therefore, leave to proceed IFP on appeal is DENIED.[1]  The Clerk shall serve a copy of this Order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:  September 25, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] After the Court dismissed the action, but prior to filing a notice of appeal, Plaintiff filed a document which the Court liberally construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).  The Court granted reconsideration and reopened the action.  Therefore, to the extent that Plaintiff purports to challenge the dismissal on appeal, such challenge is now moot.

- 2 -